```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


PYRAMID TRANSPORT, INC.        *
                               *
v.                             *   Civil Action No. WMN-12-1860
                               *
OVERDRIVE SPECIALIZED, INC.    *
                               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM**

Plaintiff Pyramid Transport, Inc. (Pyramid) is in the business of brokering food transportation.  Defendant Overdrive Specialized, Inc. (Overdrive) is in the business of hauling food products.  On or about August 9, 2010, Pyramid contracted with Override to haul a truckload of frozen food product from Connecticut to Indiana.  Pyramid alleges that when the food product arrived in Indiana, it was "refused for temperature abuse" and had to be destroyed.  As a result, Pyramid had to reimburse the shipper for the cost of the destroyed product and its disposal.

Pyramid filed this action in the Circuit Court for Caroline County asserting state law claims for breach of contract and negligence.  Overdrive filed a timely notice of removal asserting that this Court has jurisdiction over this action in that, while Pyramid asserts only state law causes of action, those causes of action are preempted under federal law, specifically, the Carmack Amendment to the Interstate Commerce

Act, 49 U.S.C. § 14706 et seq.  Overdrive then filed a motion to dismiss, again on the basis of preemption under the Carmack Amendment.  ECF No. 10.  Pyramid has not opposed or otherwise responded to Overdrive's motion and the time for doing so has expired.

"Federal law preempts state and common law when Congress expressly provides that the federal law supplants state authority in a particular field . . . ."  Shao v. Link Cargo (Taiwan) Limited, 986 F.2d 700, 704 (4th Cir. 1993).  Alternatively, it will preempt state law "when [Congress'] intent to do so may be inferred from a pervasive system of regulation which does not leave a sufficient vacancy within which any state can act."  Id.  The question presented here is whether the Carmack Amendment created such a pervasive system.  Courts have consistently concluded that it did.

The Carmack Amendment was enacted in response to difficulties assessing the liability of shippers engaged in the interstate transportation of goods.  Adams Express Co. v. Croninger, 226 U.S. 491, 505 (1913).  These difficulties arose because of inconsistent legislative and judicial holdings.  Id.  The amendment served to regulate these inconsistencies by imposing a uniform standard of liability on a carrier for "loss or injury to the property" that it transports.  49 U.S.C. § 14706(a)(1).

2

"The United States Supreme Court has long interpreted the Carmack Amendment as manifesting Congress' intent to create a national scheme of carrier liability for goods damaged or lost during interstate shipment . . . ."  Shao, 986 F.2d at 704.  The Court has held that, in terms of the liability of a carrier under the Carmack Amendment, "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."  Adams, 226 U.S. 491 at 505-506.  Therefore, "[e]very circuit court that has considered the issue has [concluded] . . . that the Carmack Amendment preempts a shipper's state and common law claims . . ."  Shao, 986 F.2d at 705.  The Fourth Circuit has reached this same conclusion.  See Ward v. Allied Van Lines, Inc., 231 F.3d 135, 138 (4th Cir. 2000) (citing Shao, 986 F.2d at 705).  State and common law claims preempted by Carmack include those of breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment.  Shao, 986 F.2d at 705.

On this ground and in light of the lack of any response by Pyramid, the Court will grant Overdrive's motion and dismiss the pending state claims.  A separate order will issue.

                                            _____/s/_____

>                              William M. Nickerson
>                              Senior United States District Judge

DATED: August 22, 2012